## Philadelphia, to the use of Dyer & Shantz, *versus* Brooke.

1. Philadelphia, through the chief commissioner of highways, contracted with Dyer to pave, &c., a street, the work not to be done after December 1st and before April 1st; the cost, &c., of the work was chargeable to the lot owners on the street, in proportion to their front. The work was done after December 1st. The city, for the use of Dyer, filed a claim against a lot-holder and issued a scire facias on it. *Held*, that the city might waive the condition, and the lot-holder could not defend on the ground that work was done after December 1st.

2. Under the Act of April 19th 1843, sect. 1, the lot-holder could defend only on the ground that the work was not done, the materials not furnished, the price excessive, or that it had been paid or released.

3. Hutchinson *v.* Pittsburg, 22 P. F. Smith 320; Philadelphia *v.* Wistar, 11 Casey 427; Philadelphia *v.* Burgin, 14 Wright 539, followed.

February 1st 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia:* No. 262, of January Term 1874.

This was a scire facias sur municipal claim, issued October 20th 1872, by the city of Philadelphia, to the use of John Dyer and Edward Shantz, against Virgilia B. Brooke, owner or reputed owner, &c.

The claim was filed August 23d 1872, against a lot of ground on the south side of Westmoreland street and the west side of Seventeenth street, for work and materials in paving and curbing on Seventeenth street; the bill was:—

May 2d 1872, To 472.22 yards rubble paving,          $708.33
   "    "    "    To 272.4 feet of curbstone,          245.10
                     Measuring charge,          5.00

                                                $958.43

The paving, curbing and material having been done and furnished under a contract between the chief commissioner of highways and the claimants, &c.

The contract was dated July 18th 1873; it recited that the claimants had been selected by a majority of the owners of property on Seventeenth street, from Allegheny avenue to Tioga street, for the paving of Seventeenth street, in accordance with a resolution of councils: the street to be graded out to the depth of 18 inches and to be filled with 14 inches of gravel and on the top of that 4 inches of sharp gravel, &c., &c. There were other stipulations, one of which was that the agreement should "not be construed to allow paving to be done after the first day of December or before the first day of April, in any year."

The case was tried November 17th 1873, before Hare, P. J. The plaintiff gave in evidence the claim and rested.

[Philadelphia *v.* Brooke.]

The defendant then gave evidence for the purpose of showing that the paving in front of her lot had not been well done. She gave evidence also, that the work was commenced about the 1st of December 1871, and stopped about the 15th of that month.

In rebuttal, the plaintiffs gave evidence that work had been commenced and ended about as testified to by the defendant's witnesses; they gave evidence also, that the work was well done. Mahlon H. Dickinson, chief commissioner of highways, testified that the husband of defendant remonstrated against the work being done on frost, and witness notified the contractor to stop work.

The court charged :—

"It is not pretended that the plaintiff rendered a service to the defendant, or at her request. The contract under which the plaintiff's claim was made by the city of Philadelphia, without the defendant's knowledge or assent. The obligation is, therefore, in the nature of a tax, and the plaintiff cannot recover unless in conformity with the contract which imposed the obligation. The terms of the contract are express that nothing therein contained shall be construed as allowing paving to be done after the 1st of December, or before the 1st of April. [My instructions, therefore, are that if a material and substantial part of the work was done during the winter, the defendant is entitled to a verdict. There can be no doubt as to this point under the evidence.] The plaintiff says that he commenced at the end of November, or in the beginning of December; but he does not controvert the testimony for the defence, that the gravel was spread and the pavement laid during the earlier part of December. The contention on his part is, that he returned in April and repaired the street by ramming the stones down in some places, and taking them up and replacing them in others. He does not say that he did the work over again, but that he repaired the portions which appeared to be defective. [If he had taken up the stones in front of the defendant's premises, levelled the road-bed, and relaid the stones, he might have recovered, but such is not the testimony. What the contract contemplates is, that the pavement shall be laid when it can have a secure foundation. If this condition is not complied with, the defect is fatal."]

The verdict was for the defendant. The plaintiff took a writ of error and assigned for error the parts of the charge in brackets.

*S. W. Pettit* and *C. H. T. Collis,* for plaintiffs in error.—The condition as to the time of paying, &c., was between the city and the contractors; the city having waived the condition by filing the claim and bringing suit, the defendant is precluded from making this defence. Philadelphia *v.* Wistar, 11 Casey 427 ; Philadelphia *v.* Burgin, 14 Wright 539 ; Reilly *v.* Philadelphia, 10 P. F. Smith 467 ; Hutchinson *v.* Pittsburg, 22 Id. 320.

*J. Gerhart* and *E. H. Weil,* for defendant in error.

Mr. Justice WOODWARD delivered the opinion of the court, February 7th 1876.

The contract between the city and Dyer & Shantz provided that it should not be construed to allow paving to be done after the first day of December and before the first day of April, in any year. There was evidence on the trial that a material part of the work in paving Seventeenth street in front of the defendant's property was done in the month of December 1871. John Dyer testified that it was commenced "about the latter part of November, or beginning of December,"·and was continued until it was stopped by frost in the first or second week in December. Mr. Dickinson, the chief commissioner of highways, stated that defendant called at the department, and remonstrated against the work being done during the frost, and that he thereupon sent a notice to Mr. Dyer to stop. The witnesses for the defendant testified generally that the paving was commenced about the first or second, and was stopped about the fifteenth of December. Some evidence was given to prove that the work was finished in the spring of 1872. The bill of particulars embodied in the lien bears the date of the second of May. There was testimony also that the pavement in front of the defendant's·property was left in a bad condition. Upon this evidence the court below instructed the jury that "if a material and substantial part of the work was done during the winter, the defendant was entitled to a verdict." The jury were told also, that if, when they returned in April, the stones in front of the defendant's premises had been taken up, the road-bed levelled, and the stones relaid, the plaintiffs might have recovered, but that such was not the testimony. The final instruction was: "What the contract contemplates is, that the pavement shall be laid when it can have a secure foundation. If this condition is not complied with, the defect is fatal."

The contract was between the city and Dyer & Shantz. It recited that they had been previously "selected by a majority of the owners of property on Seventeenth street, from Allegheny avenue to Tioga street, for the paving of that street in accordance with a resolution of councils." The defendant could not be affected, either beneficially or injuriously, by stipulations of the legal and equitable plaintiffs between themselves. Statutory provisions had defined his rights and liabilities. In such an action as this, it is sufficient for the plaintiff to prove that the work charged was done, or the materials furnished, at their fixed value; and the defendant is confined to a denial that the work was done or the materials furnished, or that the price charged was excessive, or that the claim had been paid or released: Act of 19th April 1843, § 1, Purdon 1089, pl. 26. In such an action, the municipal claim

[Philadelphia *v.* Brooke.]

may be read in evidence in proof of the facts alleged, and no plea averring want of notice to remove nuisances; no plea touching rates or proportions of contribution among parties jointly interested; and no plea touching the question of ownership is allowed: Act of 11th of March 1846, § 4, Purdon 1089, Pamph. L. 27. The questions growing out of the contract were outside of any interest of the defendant. There are obvious reasons why officers of the highway department should retain the control of the work that was contemplated here. The interest of the city requires that her streets shall be substantially paved, and its officers should have power to stop work that would ordinarily be defectively done in winter. This power was exercised with manifest discretion in this instance. Perhaps the city could have treated the breach of the agreement by Dyer & Shantz as a forfeiture of their claim to compensation. But she has not done so. And the defendant is not in a position to assert such a forfeiture for his benefit in an action in which the city and Dyer & Shantz unite as parties. If the weather in December 1871 had been mild enough to permit the laying a pavement with perfect safety and completeness, and the contractors had been permitted to lay it, it is difficult to understand how a modification of their relations by the contracting parties could be set up by a stranger as a ground of complaint. The defendant had a right to a satisfactory pavement, and it was only for such a pavement he could be required to pay.

It was clearly within the power of the officers of the city to waive the right derived from the stipulation on which the defendant relies. In The City *v.* Burgin, 14 Wright 539, which was a scire facias for the use of Emanuel Peters, under the pleas of non assumpsit and payment with leave, &c., without notice of special matter, the defendant was permitted to prove by the chief commissioner of highways that he gave no authority to do the work for which lien was filed. In reversing the judgment, Judge READ said: " It would be singular indeed if, under such a state of the pleadings, the defendants could be allowed to defeat the claim of the city by producing its own officer to show that the work which the city has adopted was done without its consent. This was clearly a matter with which the defendant had nothing to do." It was held by THOMPSON, J., in City *v.* Wistar, 11 Casey 427, that " the right of the city to file the lien is fixed by law, and the form in which it was filed in this case, for the use of the party named, resulted from the relation existing between him and the city, and was a matter which alone concerned them." In Hutchinson *v.* Pittsburg, 22 P. F. Smith 320, a defence was made on the ground that a contract had not been executed according to its terms. It was said by this court, " the contract is between the city and the contractor; the contractor does not complain, and the city adopts and approves the action of its officers, and the defendant cannot

[Philadelphia v. Brooke.]

take advantage of the non-grading of four squares which the city found to be unnecessary and inexpedient under the circumstances." The present case should have been submitted to the jury under the evidence that had relation to the defendant's statutory defences.

Judgment reversed, and *venire facias de novo* awarded.