# Philadelphia to use, Appellant, *v.* DeHaven.

*Road law—Paving assessments—Pleading—Assumpsit—Copy of municipal contract—Practice, C. P.—Acts of May 25, 1887, P. L. 271, and April 4, 1907, P. L. 40.*

In an action of assumpsit brought under the provisions of the act of April 4, 1907, P. L. 40, providing for the collection of municipal claims by an action of assumpsit, it is imperatively necessary for a use plaintiff, bringing suit in the name of a municipality, to annex a copy of the contract between the municipality and the use plaintiff.

Argued Dec. 18, 1908. Appeal, No. 174, Oct. T., 1908, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1908, No. 610, discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia to use of Barber Asphalt Paving Company v. Holstein DeHaven. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover a paving assessment.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellant.

*Charles H. Downing,* for appellee.

OPINION BY BEAVER, J., February 26, 1909:

The use plaintiff declares in assumpsit for the recovery of a pavement laid in front of defendant's lot. The statement of claim recites that:

"The Councils of the City of Philadelphia, by ordinance duly passed and approved by the Mayor on the 27th day of June, A. D. 1904, ordered and directed that the Department of Public Works of the City of Philadelphia be authorized and directed to pave, inter alia, 62d Street from Market Street to Lombard Street. A copy of the said ordinance is hereto annexed and made part of this statement as 'Exhibit A.'

"In pursuance of the ordinance set forth, the city of Philadelphia, by its duly constituted authorities, entered into a contract with the use plaintiff, the Barber Asphalt Paving Company, on July 25, 1906, for paving the said 62d Street from Market Street to Lombard Street with asphalt, in accordance with the terms of the said ordinance, for the price of $1.56 per square yard.

"The said sum to be paid by the property owners along the line of the said street.

"The use plaintiff, the Barber Asphalt Paving Company, pursuant to the said contract and ordinance, paved the said 62d Street in front of the above described lot, belonging to the defendant, which said work was completed on the 13th day of October, 1906, and, on the said 13th day of October, 1906, J. Harvey Gillingham, surveyor and regulator for the 12th survey district of the city of Philadelphia, certified that the said work had been completed, and measured the amount of the said paving laid in front of the said property of the said Holstein De-Haven, and in accordance with the ordinances of Councils, duly assessed the said amount, to wit, 75,556 square yards of asphalt paving at $1.56 per square yard, $117.87, against the said Holstein DeHaven and the said property. A true copy of the said assessment bill, signed by the said J. Harvey Gillingham, is hereto annexed as 'Exhibit B.' The said work in front of the said property was done in strict accordance with the contract between the use plaintiff and the city of Philadelphia, and the defendant, in accordance with the Act of assembly approved

the 4th day of April, A. D., 1907, P. L. 40, became liable to the plaintiff for the cost of the said paving, to wit, $117.87."

The defendant, in his affidavit of defense, alleges that the plaintiff is not entitled to recover, for the reason that he has not set forth in his statement of claim a copy of the contract alleged by him to have been made between the city of Philadelphia and himself.

The Act of May 25, 1887, P. L. 271, requires, in sec. 3, that: "The action of assumpsit shall be accompanied by copies of all notes, contracts, book entries or a particular reference to the records of any court within the county, in which the action is brought, if any, upon which the plaintiff's claim is founded."

This portion of the defendant's affidavit of defense is in the nature of a demurrer to the statement and is, we think, well founded. No opinion was filed in the court below, but we assume that the rule for judgment for want of a sufficient affidavit of defense was discharged because of the failure of the plaintiff to file a copy of the contract upon which his action was founded, for without such a contract as he has described in his statement of claim, he would have had no authority whatever to do the work, for which he charges the defendant.

In Philadelphia v. Jewell, 135 Pa. 329, the present chief justice, delivering the opinion of the court, at page 338, said: "Actions by a municipal corporation to the use of a contractor who has done the work, against the owner of property charged with the payment for it, are a species of tripartite contests, unknown to the common law, and presenting some difficulties in procedure under its forms. The general rule, even in Pennsylvania where equity is part of the common law, undoubtedly is that the rights of the legal plaintiff only can be regarded and must prevail, but the rule has as many exceptions as the principles of equity require for their enforcement. The authority of municipal corporations to impose the cost of paving upon the property fronting on the street paved, is a part of the power of taxation, and inherently is exercisable without regard to the property owner's consent, and at the sole discretion of the taxing body. The vital necessities of government do not in general permit a review of its exercise of the prerogative of taxation by

courts or juries; but the taxing authority may, in its discretion, permit such a review within specified limits. In the class of cases now under consideration it has done so. The right of the city to order the paving of its streets, to determine the kind of pavement, the manner of its doing, the terms of the contract, etc., is independent of the property owner's judgment or consent: Philadelphia v. Brooke, 81 Pa. 23; Philadelphia v. Burgin, 50 Pa. 539; Hutchinson v. Pittsburg, 72 Pa. 320. But, on the other hand, when the property owner has had certain rights conceded to him, either by statute or by municipal ordinance, the courts will allow him to assert them against the city itself, as well as against the contractor to whose use the city sues: Reilly v. Philadelphia, 60 Pa. 467; Pepper v. Philadelphia, 114 Pa. 96. Appellant's argument asks, 'Has a property owner who is no party to the contract any rights superior to those of the parties themselves?' The answer is, Yes, if the law gives them to him."

We are of opinion that the procedure act of 1887 gives the defendant the right to have a copy of the contract between the city and the use plaintiff, under which the work in front of his property was done, filed, with the statement of claim, inasmuch as the use plaintiff's right to recover depends upon that contract. In view of this defect in the defendant's statement of claim, we think the court below was correct in discharging the rule for judgment and it is, therefore, unnecessary to consider the other part of the affidavit, particularly in view of the fact that no opinion is filed by the court below.

The questions as to the form of the action and the right of the plaintiff to recover, under the Act of April 4, 1907, P. L. 40, will properly arise at the trial.

Decree affirmed, without prejudice, etc., and appeal dismissed, at the costs of the appellant.