From C. P. Addams, Harrisburg, Pa.

## City of Philadelphia, to use, v. Egolf

*William Ginsburg*, for plaintiff; *I. Emanuel Souder*, for defendant.

KUN, J., March 3, 1933.—This is an action in assumpsit brought in the name of the City of Philadelphia, to the use of Montgomery Paving Company, to the

use of Northern Paving and Construction Company, to recover certain munici-
pal liens for paving and curbing done on property, alleged to be owned by the
defendant, together with various items of penalties, attorney's fees, interest
and costs.

The statement of claim as filed alleges that on certain dates in the year 1931
the defendant was the owner of certain ground in the City of Philadelphia;
that on those dates the City of Philadelphia, through its contractor, Montgom-
ery Paving Company, completed certain paving and curbing in front of this
ground and assessed the said premises therefor; that certain sums became due
and payable to the contractor, Montgomery Paving Company, and that the lat-
ter assigned them to the Northern Paving and Construction Company; that
this use-plaintiff then caused municipal liens to be filed against the premises in
various courts of this county, specifically referred to by term and number,
entered judgments and assessed damages thereon, for the amount of the claims,
together with interest, penalties and attorney's fees.

This suit in assumpsit is brought against the defendant to recover the amount
of said judgments entered upon these municipal liens, together with costs and
interest.

The defendant has filed an affidavit of defense in lieu of demurrer, raising
the question of use-plaintiff's right to recover, and assigning seven reasons in
support thereof. What the defendant refers to as procedural questions will be
considered first.

The defendant contends that the statement of claim is defective because there
are not attached thereto copies of the contracts between the city and the con-
tractor covering the work involved, citing Philadelphia, to use, v. De Haven,
38 Pa. Superior Ct. 541, as authority for the proposition that such copies must
be annexed to the statement of claim. Aside from the proposition that such a
defect is not the basis for a demurrer, and is curable through a rule for a more
specific statement, the objection is not well taken in the instant case. In the
case cited the claim had not been reduced to a lien, but was a direct action in
assumpsit on the contract itself, so that it was held that it was necessary for
the plaintiff to attach a copy of the contract. The pleading in the instant case,
however, shows that the claims have been reduced to liens filed of record in the
courts of this county, to which specific references are made in the statement of
claim by court, term and number. The claims have been adjudicated as liens
and appear as such on the records of the several courts referred to, and the
present action of assumpsit is based on those records, reference to which is
sufficient under the Procedure Act of May 25, 1887, P. L. 271, Sec. 3, requiring
in actions of assumpsit copies of notes, contracts or book entries on which the
action may be based, "or a particular reference to the records of any court,
within the county in which the action is brought . . . upon which the plaintiff's
claim is founded".

Another objection is that the Act of April 17, 1929, P. L. 527, under which the
plaintiff's action has been brought, authorizes recovery by action of assumpsit
of "municipal claims," whereas the statement of claim filed seeks to recover
"municipal liens" referred to, which include penalties, attorney's fees, etc. This
raises a nice question which it is unnecessary to decide at this stage of the pro-
ceedings. It is sufficient to state that the objection which goes to the possible
extent of the amount which the plaintiff may be entitled to recover is not a
basis for a demurrer. If any part of the plaintiff's claim is recoverable, it can-
not be attacked by demurrer. The question must be raised on an affidavit of
defense to the merits.

There is no merit in the objection that copies of the assignments of the municipal claims from the city to the use-plaintiffs were not attached to the statement of claim. Such assignments are not the basis of the claim, and the defendant is in no wise concerned in them. Likewise is the objection without merit that the plaintiff has brought this one action in assumpsit to recover the amount of the three claims referred to. Separate liens must be filed against each property improved, and that was done, as the plaintiff's pleading shows, but when it comes to an action in assumpsit, nothing is better settled than the proposition that the plaintiff may include therein as many claims or accounts as he may deem expedient to have tried in the one action.

The main objection asserted by the defendant is that the action in assumpsit authorized by the Act of 1929 may be brought by the city only, and cannot be brought by the city to the use of the contractor. We are unable to agree with this view. "It is no concern of the debtor that the chose in action, or debt on which he is sued, has been assigned, or that the action is brought for the use of another": 5 C. J. 979. The duty of making public improvements is, of course, placed on the city, but the work is actually done by contractors employed by the city for that purpose. If the owner chargeable with the cost of the work does not pay for it, a lien is filed in the first instance quite naturally to the use of the contractor who did the work. If, as authorized by the Act of 1929, the city may also sue in assumpsit to recover the cost of the work, we see no valid objection to such a suit likewise being brought in the name of the city to the use of the contractor. The defendant concedes that the city has the right to bring the suit. Suppose the city did bring the suit in its own name, without adding any contractor as use-plaintiff, and then recovered judgment, could there be any question about the right of the city to mark the judgment to the use of the contractor who had done the work? What difference does it make, then, if the form of the action in the first instance is in the name of the city to the use of the contractor? We think the proposition answers itself. In the very case of Philadelphia v. De Haven, supra, cited by the defendant on the other point mentioned, the action was in assumpsit under the prior Act of 1907 authorizing it, to the use of the contractor named. No question of the propriety of such proceeding was raised. That case went up from the Court of Common Pleas No. 2. Likewise, in Philadelphia, to use, v. De Armond, 63 Pa. Superior Ct. 436, which went up from the Court of Common Pleas No. 4, the action was brought in the name of the city to the use of the contractor. The constitutionality of the acts therein referred to authorizing collection of municipal claims "by lien or by action of assumpsit," was sustained. The question of the right of the city to sue to the use of the contractor was not raised. It was taken for granted in both cases. As stated by Judge Audenried, whose opinion is quoted in full in the last-cited case, at page 441: "The new method that it provides for the enforcement of municipal claims applies, however, to the case of every such claim and the case of every person in whose favor claims of that character can arise."

In Hagemann's Appeal, 88 Pa. 21, it was specifically decided that a judgment on a municipal claim may be assigned by the city to an individual—in that case to one who paid the claim for the defendant—and the assignee acquired thereby the right of priority had by the city. This decision has never been questioned. If, as decided, the claim is assignable, a suit to enforce it could naturally be brought in the name of the assignor, to the use of the assignee, and, a fortiori, to the use of the contractor who did the work, over to the use of his assignee. No question of priority arises in the instant case, so it is unnecessary to consider the suggestion that the decision as to that has been overruled in principle by the case of South Philadelphia State Bank's Insolvency, 295 Pa. 433, although

our view is that it has not been overruled, as the cases present entirely different situations.

It is to be borne in mind that the City of Philadelphia is the legal plaintiff in this case, and the only question involved is whether it has a good cause of action. No question of "farming out" taxes or delegating sovereign rights is involved. The defendant is in no wise concerned with the disposition of the proceeds of any judgments which may be recovered against him. We hold that an action in assumpsit under the Act of 1929 to recover a municipal claim may be brought by the city to the use of the contractor, to the use of his assignee.

Accordingly, the questions of law raised by the affidavit of defense in lieu of a demurrer are decided in favor of the plaintiff, with leave to the defendant to file an affidavit of defense to the merits within fifteen days.