# Scranton v. Jermyn, Appellant.

*Municipalities—Paving—Act of May 23, 1889.*

Under the act of May 23, 1889, art. 5, § 3, clause 10, and art. 15, § 26, relating to the paving of streets upon a petition of a majority of owners, if the record of a suit on a claim for paving shows that a petition was presented and an ordinance passed, the ordinance is conclusive of the fact that a majority of owners had joined in the petition. In such case an affidavit of defence, averring that the petition was not signed by a majority of owners, is insufficient.

*Notice of ordinance by advertising—Paving—Evidence.*

The provision of art. 15, § 22, of the act of May 23, 1889, which provides that paving claims "shall be prima facie evidence of the amount thereof, and of the same being due and owing, and of all matters therein set forth," extends to the provision of the act requiring that no ordinance for paving shall be passed until five days notice shall be given by advertisement. Where a claim for paving recites the fact that the ordinance was passed as required by law, an affidavit of defence, which does not aver that no five days notice by advertisement was given, is insufficient.

*Municipal claims—Taxation—Defences.*

Municipal claims for paving and other public improvements are a species of taxation, and the property owner has only such rights of contest and defence as the legislature chooses to allow him.

*Municipal contract for paving—Affidavit of defence.*

Where a municipality enters into a contract for paving, but limits its liability to the contractor to the amount of the claim recovered against the property owners, averments in an affidavit of defence, in a suit by the city for paving, that no provision had been made by councils for the indebtedness, and that the contract had been awarded by resolution and not by ordinance, are irrelevant and immaterial.

Argued Feb. 24, 1893. Appeal, No. 165, Jan. T., 1893, by defendant, John Jermyn, from order of C. P. Lackawanna Co., Sept. T., 1892, No. 30, entering judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence in sci. fa. sur municipal claim for paving.

The claim, which was filed as part of plaintiff's statement of cause of action, averred that: "Said work was done by virtue and in pursuance of an ordinance of said city of Scranton,

approved the 24th day of October, 1890 (and other ordinances pertaining thereto), which ordinance was passed upon the petition of a majority in numbers of owners, or upon the petition of the persons owning a majority of the feet front on Jefferson avenue, between Lackawanna avenue and Gibson street, which petition, with the names of petitioners, was duly advertised as required by law. Notice of the time and place of making said assessment was duly given said owners, as required by law."

Defendant filed the following affidavit of defence:

" 1. This suit is brought to recover the cost of paving Jefferson avenue in front of the defendant's premises, abutting thereon.

" 2. The city of Scranton has no interest in this action, but the same is prosecuted solely for the benefit of the Barber Asphalt Paving Company. The contract between the city of Scranton and the said company expressly provides that the city shall not be liable thereon for any other or further sums of money than the amounts collected, from the owners of property abutting on the said street, and that said company shall look only to the moneys so realized for the payment of its claims for such work. This provision was inserted in the contract, because it was known both to the city authorities and the contractor aforesaid that the legality of the ordinance authorizing the work was disputed.

" 3. The ordinance under which said paving was done, and the contracts made in pursuance thereof, are both wholly void, for the reason that the said ordinance was based upon a petition alleged to have been signed by a majority in number or interest of the property owners whose lands abutted on the said street. That the said petition was circulated by the paid agents of the said Barber Asphalt Paving Company, the real plaintiff in this suit, and some of the signatures obtained thereupon were secured by the false and fraudulent representations of the said agents. That said petition, when represented to the councils of the city as a basis for their action in the premises, did not contain the names of a majority of the property holders, either in number or interest, on the street to be paved; all of which facts were well known both to the city councils and the said Barber Asphalt Paving Company before the passage of the said ordinance.

" 4. That the said ordinance for paving Jefferson avenue and the contract made in pursuance thereof are both wholly void, for the reason that said ordinance and the contract include the paving of the street in front of the Second Presbyterian Church, which by a law is chargeable not to the property, but to the city, and the ordinance makes no provision, nor had any provision been previously made, for the payment of the indebtedness so incurred by the city.

" 5. That the contract for paving said street was void because it was awarded to said Barber Asphalt Paving Company, not by ordinance, as required by law and the ordinances of the city, but by a mere resolution.

" 6. That the said city of Scranton and the said Barber Asphalt Paving Company were fully notified of these defects in the ordinance and contract aforesaid at and before the work of paving said avenue was done, by the filing of a bill in equity in this court to No. 5, April term, 1891, which bill was duly served upon the authorities of the city and the agents of the said Barber Asphalt Paving Company.   All of which the defendants expect to be able to prove upon the trial of this case."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence in an opinion by ARCHBALD, P. J.

*Error assigned* was (3) making rule absolute.

*H. M. Hannah,* for appellant, cited : Wyoming Street, Pittsburgh, 137 Pa. 503 ; Pittsburg v. Walter, 69 Pa. 365 ; Ruan Street, 132 Pa. 257 ; Endlich on Affidavits of Defence, § 628 ; Mitchell on Motions and Rules, 69 ; Phila. v. Church, 134 Pa. 207 ; 1 Dillon on Mun. Corp., p. 387, § 246 (4th ed.) ; Taylor v. Carondelet, 22 Mo. 105.

*F. L. Hitchcock, I. H. Burns* with him, for appellee, cited : Erie v. Bootz, 72 Pa. 196 ; Olds v. Erie, 79 Pa. 380 ; City v. Whyte, 1 Adv. R. 578 ; Peck v. Jones, 70 Pa. 84 ; Wyoming Street, 137 Pa. 503 ; Horter v. City,    Leg. Int. 256 ; Waln v. Phila., 99 Pa. 337 ; Sower v. Phila., 35 Pa. 231 ; Kepner v Com., 40 Pa. 124.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

Under the act of May 23, 1889, for the incorporation and government of cities of the third class, article 5, sec. 3, clause 10, P. L. 288, the councils are authorized to direct by ordinance the paving of streets, etc., but if the cost is to be paid by the abutting property owners, certain conditions are attached to the manner of exercising the municipal authority, one of which is that the paving, etc., shall be petitioned for by a majority of the owners, or the owners of a majority of the feet front on the street. And by article 15, sec. 26, of the same act, P. L. 325, where the paving has been petitioned for, " the passage by councils of any ordinance directing the paving . . . . shall be held to be conclusive of the fact " that the necessary majority of owners have petitioned for it. Under these provisions of the statute the only defence upon this point open to a property holder against a municipal claim for paving is that there was no petition. The affidavit of appellant does not set up any such defence. On the contrary it expressly avers that there was a petition but it was not signed by a majority. That fact was not open to dispute. The argument of appellant on this branch of the case is really an argument against the policy of such a provision. With that we have nothing to do.

The language of the act is perfectly plain and can have but one interpretation. No authority therefore is necessary, but, if it were, the cases of Erie v. Bootz, 72 Pa. 196, and Olds v. Erie, 79 Pa. 380, would be ample, for the language there held to shut out the question was much less certain and mandatory than here.

But it is argued, the act also provides that no such ordinance shall be passed until five days notice shall be given by advertisement ; that this is a question of fact, which cannot be assumed on a motion for judgment ; and that the provision of article 15, sec. 22, P. L. 324, that claims " shall be prima facie evidence of the amount thereof, and of the same being due and owing, and of all matters therein set forth," cannot be extended to cover matters of this kind concerning the manner in which an ordinance has been passed. The claim, which is filed as part of plaintiff's statement of its cause of action, recites the fact that the ordinance was petitioned for, and that the petition

" was duly advertised as required by law." Of course, even under this provision, the claim is only evidence of such averments in it as are relevant and proper to be included, but this is such an averment, for it is directly relevant and material to the validity of the ordinance on which the claim itself rests. The appellant's argument on the whole of this branch of the case overlooks the vital fact that claims for paving and other municipal improvements are a species of taxation, and the property owner has only such rights of contest and defence as the legislature chooses to allow him. Councils might have been authorized to order the street paved at his expense without his consent or even without notice to him. In many cases they are so authorized by law. Such defences as the legislature deemed necessary for the protection of his individual rights are left open to him, but a large measure of discretion is and must of necessity be lodged finally in the municipal body, and just how large that measure shall be is matter entirely for legislative determination. As already said, councils under some circumstances have authority to decide without reference to the individual at all; in others, as the present case, the improvement must be initiated by a majority of the property holders, but in such case the dissenting individual or minority has no cause of complaint. The power to decide is given to the majority, and their action is binding on the others, willing or unwilling. And the law to some extent regulates not only what defences may be made, but when and how. The question whether a majority of the property owners have signed a petition is a question of fact, not always perfectly simple or easy of ascertainment. Lines may be uncertain or undetermined, titles may be in dispute, lots may be in course of transfer, and the owner today when one petitioner signs may not be owner tomorrow when the petition is presented. If these matters are open to dispute in each individual case, then one jury may find a lien invalid against one property, and another jury the same day find another lien under the same ordinance valid against the next door property. The legislature, wisely as it seems to us, has provided that councils shall determine this fact finally before the work is begun, and the passage of the ordinance shall close the question for all parties. For the same reasons, to a lesser extent, the law also provides that the claim itself

shall be prima facie evidence of the facts therein set forth. This is but a statutory application to this class of public work of the maxim that all things shall be presumed to have been done rightly, and is little if any harder on the defendant than taking a plaintiff's statement to be prima facie true, and giving him judgment on it unless the defendant makes a denial by affidavit. In all this there is nothing new, or startling, or subversive of constitutional rights. It is a common and long established method of procedure, and as such was approved by our brother WILLIAMS in Scranton v. Whyte, 30 W. N., 74 [s. c. 148 Pa. 419.]

The averment in paragraph two of the affidavit that the city of Scranton has no interest in the action, its contract with the use plaintiff, the paving company, limiting its liability to the amount of the claims recovered against the property owners, is irrelevant and immaterial, but it takes all the force out of the objections raised by paragraphs four and five against the ordinance and the resolution awarding the contract to the use plaintiff. As no liability was imposed by the contract on the city, no provision for indebtedness was necessary, and the contract could as well be awarded by resolution as by ordinance.

Judgment affirmed.