## Harrisburg *v.* McPherran, Appellant.

*Road law—" Foot front rule "—Damages—Constitutional law.*

The right to adopt the " foot front rule " in assessing the cost of street paving in Pennsylvania is definitely settled. It is not to be considered as an assessment, irrespective of benefits conferred, when it is applied to the original paving of a street, in the built up portion of a city. Under such circumstances the improvement is manifestly a special benefit to the abutting property.

The case of Norwood v. Baker, 172 U. S. 269, is not in conflict with the " foot front rule " as it has been applied in Pennsylvania.

Argued June 3, 1901. Appeal, No. 10, May T., 1901, by defendant, from judgment of Superior Court, March T., 1900, No. 26, affirming judgment of C. P. Dauphin Co., Sept. T., 1894, No. 508, in case of City of Harrisburg v. John P. McPherran. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Appeal from Superior Court. See 14 Pa. Superior Ct. 473.

From the record it appeared that the proceedings were instituted in the court below to recover assessments for asphalt paving, the cost of which had been assessed upon abutting properties under the " foot front rule." The court sustained the assessment, and the judgment of the common pleas was affirmed by the Superior Court.

*Error assigned* was the judgment of the Superior Court.

*Lyman D. Gilbert* and *William H. Hargest*, of *Hargest & Hargest*, with them, *William H. Middleton*, for appellants.—The theory upon which the argument of the appellant is based is, that there is an arbitrary assessment of the entire cost of the improvement without any finding or ascertainment that the property so assessed is benefited to the extent of the assessment, and without providing at any stage of the proceedings an opportunity to the person assessed to contest the amount of the benfits ; and that neither the act of assembly nor the ordinance having made such provision, the assessment and lien is a taking without " due process of law."

The principal authority in support of this proposition is Norwood v. Baker, 172 U. S. 269 ; L. ed. Bk. 43, p. 443.

This case of Norwood v. Baker was followed and applied to street paving assessments by the foot front rule under a statute almost precisely like the act of 1889, in Fay v. Springfield, 94 Fed. Repr. 409 ; 2 Municipal Corp. Cases, 167.

The principles announced in Norwood v. Baker have been repeatedly iterated and affirmed in many cases: Agens v. Newark, 37 N. J. L. 415 ; New Brunswick Rubber Co. v. Commissioners, 38 N. J. L. 190 ; State v. Jersey City, 37 N. J. L. 128 ; State v. Bayonne, 1 Municipal Corp. Cases, 299; Barnes v. Dyer, 56 Vt. 469 ; Raleigh v. Peace, 17 L. R. A. 330 ; Weed v. Boston, 42 L. R. A. 642 ; Asberry v. Roanoke, 91 Va. 562 ; Detroit v. Chapin, 112 Mich. 588 ; California Imp. Co. v. Reynolds, 1 Municipal Corp. Cases, 226.

The Supreme Court in Wray v. Pittsburg, 46 Pa. 365, decided a special act of 1857, relating to the city of Pittsburg, to be constitutional which allowed an assessment for grading " upon any property that may be benefited thereby," and upheld an ordinance and an assessment imposing part of the cost upon property " not on the line of the improvement."

But thereafter that court, in a long line of authorities, beginning with Washington Ave., 69 Pa. 363, including In re Saw Mill Run Bridge, 85 Pa. 163, and culminating in Morewood Ave., 159 Pa. 20, positively declared that " it is not competent to assess the cost of grading, paving and curbing a part of one street, upon properties not situate upon the street to be improved, although within the neighborhood of the improvement," on the ground that the limit of liability for special as-

sessment for local improvements is the extent of the special benefit.

But in the now famous case of Park Ave. Sewers, 169 Pa. 433, decided in 1895, it is held that "the cost of constructing a sewer can be assessed only upon the property abutting on the line of the improvement."

And in the case of Witman v. Reading, 169 Pa. 375, the same principle was announced, and Judge McPHERSON wrote a long opinion, to part of which, to be found on pp. 384 and 385, special attention is called. The learned judge says : ".So, too, if there is a considerable difference in the amount of benefits received from the improvement, by the respective properties, the rule cannot be applied because of the substantial inequality of burden which in this way would also be produced."

It was held in 1859 that the value of work was not in issue, but the plaintiff could recover the costs and expenses of the improvement: Schenley v. Allegheny, 36 Pa. 29 ; Pepper v. Phila. 114 Pa. 96 ; Morewood Ave., 159 Pa. 20 ; Amberson Ave., 179 Pa. 634.

Pennsylvania cases now strictly limit liability to special benefit : Hammett v. Phila., 65 Pa. 146 ; Washington Ave., 69 Pa. 352; Reed v. Erie, 79 Pa. 346; Wistar v. Phila., 80 Pa. 511 ; In re Saw Mill Run Bridge, 85 Pa. 163.

Recent legislation has shown that the intention of the legislature is that there should be an ascertainment of the benefits before the levy of an assessment: Pittsburg's Petition, 138 Pa. 401.

*C. H. Bergner*, with him *D. S. Seitz*, city solicitor, for appellee.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

The right to adopt the " foot front rule " in assessing the cost of street paving, in Pennsylvania, must be regarded as definitely settled. It is not to be considered as an assessment, irrespective of benefits conferred, when it is applied to the original paving of a street, in the built up portion of a city. Under such circumstances, the improvement is manifestly a special benefit to the abutting properties. It could hardly have been urged that the question was an open one, had it not been for

the opinion of the Supreme Court of the United States, in the case of Norwood v. Baker, 172 U. S. 269, which was supposed to be in conflict with the rule.

But the very careful consideration of that decision by Judge SIMONTON, in the present case, filed in the trial court, shows that the principles upon which Norwood v. Baker was decided do not, when properly understood, run counter to our own decisions. In that case, there was a taking of private property for a public purpose, under the power of eminent domain, not only without compensation, but, further than that, the defendant was required to pay for the costs of the proceedings. Clearly that was a very different procedure from that now under review.

The same discriminating study was given to the opinion in Norwood v. Baker by the learned and conscientious president judge of the Superior Court, who states his conclusion as follows : " On a hasty reading, it might seem that the court meant that the ' foot front rule,' whenever, and wherever applied is necessarily a rule or mode of assessment which excludes from consideration special benefits to the properties assessed. We do not so interpret the decision. On the contrary, we think it is apparent, from the opinion, that the thing condemned was the arbitrary assessment of the whole cost of an improvement upon abutting properties, whether such properties are specially benefited or not, to the extent of the cost, and without regard to that consideration."

That the meaning of the Supreme Court of the United States was thus properly apprehended, and its effect correctly applied to the present case, both by the trial court, and the Superior Court, is fully demonstrated by the opinion of the United States Supreme Court in Wight et al. v. Davidson et al., filed April 29, 1901, 181 U. S. 371, in which it is stated, that the interpretation of Norwood v. Baker, in which " the limit of assessment on a private owner of property is the value of the special benefit which has accrued to him from the public improvement adjacent to his property " was a misconception of the meaning and effect of that decision.

And in French v. Barber Asphalt Paving Company, 181 U. S. 324, filed the same day, the Supreme Court of the United States enters an even more emphatic disclaimer against the prin-

ciple sought to be deduced from Norwood v. Baker, viz : that the cost of a local improvement cannot be assessed against abutting property according to frontage, unless the law, under which the improvement is made, provides for a preliminary hearing, as to the benefits to be derived, by the property to be assessed. This doctrine is repudiated in the statement, " But we agree with the Supreme Court of Missouri in its view that such is not the necessary legal import of the decision in Norwood v. Baker."

The Superior Court, and the court below, were, therefore clearly right in holding that Norwood v. Baker was decided upon its own facts alone, and that it also involved the question of eminent domain. There seems to have been a great difference of opinion as to the real meaning of the decision, but all doubt is now set at rest by the statement of the Supreme Court of the United States itself.

The facts of the case of French v. Barber Asphalt Paving Company last cited, are so nearly in line with those of the present case as to make them particularly applicable. Those facts are thus stated by the court :

" The work done consisted of paving, with asphaltum the roadway of Forest avenue, in Kansas City, thirty-six feet in width, from Independence avenue to Twelfth street, a distance of half a mile. Forest avenue is one of the oldest and best improved residence streets in the city, and all of the lots abutting thereon front the street, and extend back therefrom uniformly to the depth of an ordinary city lot, to an alley. The lots are all improved, and used for residence purposes, and all of the lots are substantially on the grade of the street, as improved, and are similarly situated with respect to the asphalt pavement. The structure of the pavement along its entire extent is uniform in distance and quality. There is no showing that there is any difference in the value of any of the lots abutting on the improvements." The cost of the pavement was apportioned and charged against the abutting property owners, according to the " foot front rule." This method of assessment was approved by the Supreme Court of the United States with the statement that it was "an orderly procedure, under a scheme of local improvements, prescribed by the legislature, and approved by the courts of the state, as consistent with constitutional principles."

So far, therefore, as the federal question is concerned, in the present contention, there seems to be nothing left upon which the appellant can stand.

The assignments of error are all overruled, and the judgment is affirmed.