## Altoona City *v.* Laughlin, Appellant.

*Municipalities—Street paving—Special assessments—Front-foot rule—Act of June 27, 1913, P. L. 582.*

The Act of June 27, 1913, article V, section 3, clause 10, P. L. 582, which provides for the grading and paving of public streets, etc., and stipulates that payment therefor shall be, in whole or part, by the city or by the owners of real estate bounding and abutting thereon according to the front-foot rule, is constitutional.

An ordinance enacted under the authority of such act gives the city power to pave the streets and to charge the lot owners therefor. The power to pave the streets includes also the street crossings and intersections.

*Affidavit of defense—Insufficiency—Questions of fact and law.*

An affidavit of defense is insufficient which denies none of the allegations of the plaintiff's statement and merely raises questions of law which are answered adversely to the defendant.

Argued October 29, 1919. Appeal, No. 16, Oct. T., 1919, by defendant, from judgment of C. P. Blair County, March T., 1918, No. 55, in favor of plaintiff for want of a sufficient affidavit of defense in the case of Altoona City v. John A. Laughlin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Sci. fa. sur municipal lien. Before BALDRIGE, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear in the following opinion of the court below making absolute rule for judgment for want of a sufficient affidavit of defense:

The plaintiff municipality enacted an ordinance numbered 281; signed by the mayor on February 19, 1916, which provided for the paving of First avenue between Second and Kettle streets. The costs and expenses were to be assessed and collected from the owners of the real estate bounding and abutting thereon, according to the

"foot-front rule." The work was done and the defendant was assessed for his share thereof, which he refused to pay; whereupon a municipal lien was filed.

The affidavit of defense filed alleges the unconstitutionality of the act of assembly authorizing cities to pave the streets. The ordinance was enacted under the Act of June 27, 1913, article V, section 3, clause 10, P. L. 582, which provides for the grading and paving of public streets, etc., and stipulates that payment therefor shall be in whole or part by the city or by the owners of real estate bounding and abutting thereon according to the foot-front rule. The expense of making local improvements, such as grading and paving the streets and sidewalks, the construction of drains, sewers, etc., is generally made in whole or in part by local assessment authorized to be made on the persons or property benefited or attempted to be benefited. The courts of this State have given effect to the principle that local assessments are not only constitutional, but as Mr. Justice SHARSWOOD, in Hammett v. Phila., 65 Pa. 146, said almost fifty years ago, "No system 'of taxation which the wit of man ever devised has been found perfectly equal, perhaps no fairer rule can be adopted than the proportion of the foot-front rule.

If there was any doubt whatever as to the constitutionality of the legislation adopting the "foot-front rule" it was finally removed by our Supreme Court in the case of Harrisburg v. McPherran, 200 Pa. 343, affirming the exhaustive opinion of Judge SIMONTON, and the excellent opinion of Judge RICE, as reported in 14 Pa. Superior Ct. 473.

The defendant contends that the plaintiff was without authority to include in the assessment charges for the crossings and intersecting streets. He cites no authorities, nor do we find any to sustain the position that the intersecting streets could not be included in the total amount of the assessment. The city has the power to pave the streets and to charge lot owners therefor. The

power to pave the streets includes also the street crossings and the intersections: Dillon, Fifth Edition, Municipal Corporations, 1146, note. "The cost of paving an intersection cannot be assessed against the street that intersects the one that is being paved on the theory of special benefit to adjoining property; but the cost of paving such intersection may be included in the assessment of property abutting the street that is being improved": 28 C. Y. C. 1110. The city had the right, and it was its purpose, as clearly expressed in the ordinance, to make the abutting owners pay all the expenses incident to the improvement.

The defendant complains further that the lien is defective in that no ordinance, or copy of ordinance, was attached to the lien, as required by rules of court. Rule No. 11 provides that "In all actions of assumpsit on bills, notes or bonds, policies of insurance, or other instruments of writing, for the payment of money,......in all actions of scire facias on judgments, mortgages, liens of mechanics or materialmen, and recognizances, ......no judgment shall be entered unless plaintiff shall have filed with his declaration or statement a copy of the bond, bill, note, or other instrument of writing upon which the claim is founded."

There is no requirement in this rule that a copy of the ordinance shall be filed with the municipal lien. The ordinance passed was required to be recorded by the city clerk in a book provided by the city for that purpose, which is at all times open to the inspection of the public, and is, therefore, a public record. In addition thereto the lien filed recited that "a certified copy of each ordinance is attached to municipal claim No. 17394, and is also made a part of this present municipal claim." While the ordinance was not attached to this particular claim it is not required so to be under our rules of court, and the defendant had notice where he could learn the contents thereof amongst the public records.

The defendant complains further that special ordinances were passed and became a law in the City of Altoona which appropriated $300,000 for the paving of the avenues, streets and highways, and as the defendant had to pay his portion of the taxes on the city's appropriation of this expenditure, that it is unfair and inequitable for the city not to pay a portion of the expenditure required for this improvement, and that he is required to pay a double assessment.

This is in no sense a double assessment. In this State the cost of the original paving of the city streets may be assessed against the properties abutting thereon under the theory that it is for their special benefit, but the repaving of such streets is a purely public duty for the advantage of the general public, and the legislature has not power to impose or to authorize a municipality to impose the costs thereof upon abutting properties by special assessment. The money appropriated by the city under the ordinance referred to was no doubt for repairing or repaving of the streets, as the city would have to pay all the expenses in connection with such work. There is nothing in that legislation that makes it conflict with the legislation under consideration. The assessment for improvements was made in pursuance of authority conferred by the Act of 1913. The question as to whether the improvement should be paid for in whole or in part by the owners of the real estate abutting on the streets to be improved is a question which the act left entirely within the discretion of the municipal authorities, and as they have exercised that authority in a legal manner the defendant is not in a position to question their action.

There is no allegation in the affidavit of defense which denies any of the facts alleged in the plaintiff's lien; the defendant relying solely upon legal questions which we have decided adversely to him.

Now, August 30, 1918, this cause came on to be heard, was argued by counsel, and after due consideration it is

Opinion of Court below—Opinion of the Court [73 Pa. Superior Ct.

hereby ordered, adjudged and decreed that the rule for judgment for want of sufficient affidavit of defense is hereby made absolute.

*Error assigned* was the order of the court.

*A. V. Dively,* for appellant.

*Thomas C. Hare,* for appellee.

OPINION BY HEAD, J., February 28, 1920:

The action was a scire facias sur municipal lien. The learned court below made absolute a rule for a judgment for want of a sufficient affidavit of defense and the defendant appeals.

The affidavit contains no averments that raise any issue of fact. Taken as a whole, it amounts to what would have been a demurrer under the old practice. It raises three questions of law for disposition by the court. It asserts in the first place, that the action of 27th June, 1913, P. L. 582, is an unconstitutional and invalid attempt at legislation. It was under the authority of this statute the ordinance providing for the work done by the city was enacted. It next affirms that under the rules of the court of common pleas of Blair County regulating the practice in that court, the record was not sufficient to support a judgment because there was not attached to the lien a copy of the ordinance under which the work was done. Third, it alleges there was no legal authority in the city to assess the defendant's property with any proportion of the cost of paving the street on which it abuts at crossings and intersecting streets. The opinion filed by his honor, Judge BALDRIGE, when the rule was made absolute, we think sufficiently answers each and every one of these contentions and it would be profitless for us to restate the reasons advanced by him for his conclusion or to attempt to further elaborate them. We are all of the opinion they clearly pointed out the insuf-

ficiency of the affidavit of defense and leave to the defendant no just ground for complaint.

The assignments of error are overruled. Judgment affirmed.