# Township of Mt. Lebanon *v.* James R. Robinson, Appellant.

*Municipal liens—Paving—Townships of first class—Foot-front rule—Rule to strike lien from record—Amendment of lien—Act of June 4, 1901, P. L. 364—Constitutional law—Act of July 14, 1917, P. L. 840—Act of May 25, 1921, P. L. 1123.*

A township of the first class, by ordinance duly adopted, proceeded to grade, pave and curb a street within its limits, and to assess the abutting owners therefor on the foot-front rule. A municipal lien was duly entered against defendant and upon a

rule to strike the lien from the record, the municipality was permitted to amend the lien as to the method of computing the assessment, and as to the character of materials used, although the time for filing the same had expired. Such amendment is specifically authorized by section 35 of the Act of June 4, 1901, P. L. 364, and the court below, being satisfied that the averments in question had been omitted by mistake, committed no error in allowing the lien to be amended.

On a rule to strike a paving lien from the record, the question as to whether or not the property owner has been assessed for the proper proportion of the entire expense cannot be considered. Such questions must be raised by affidavit of defense to a scire facias upon the lien.

The Act of July 14, 1917, P. L. 840, as amended by the Act of May 25, 1921, P. L. 1123, giving townships of the first class the authority to improve the streets and roads within their borders, and to assess abutting propery owners therefor on foot front rule, does not violate the provisions of the Constitution against special or local legislation.

Argued May 2, 1924.   Appeal, No. 181, April T., 1924, by defendant, from order of C. P. Allegheny Co., Oct. T., 1923, No. 1811, refusing motion to strike off municipal lien, in the case of Township of Mt. Lebanon v. James R. Robinson.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Rule to strike off municipal lien.   Before ROWAND, J. The opinion of the Superior Court states the facts.
The court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court and in permitting the municipality to amend its lien after the time for filing same had expired.

*John A. Metz,* for appellant.—The municipality should not have been permitted to amend a municipal claim by adding thereto material and necessary averments after the time for filing has elapsed: Brzozowski v. Zaviackas, 63 Pittsburgh Legal Journal 627; Sumption v. Rogers, 53 Pa. Superior Ct. 109, and 242 Pa. 348; New Castle v.

Berger Heirs, 74 Pa. Superior Ct. 548; Freeport Borough v. Miller's Est., 34 Pa. Superior Ct. 395.

The Act of June 14, 1917, P. L. 840, as amended by the Act of May 25, 1921, P. L. 1123, giving townships of the first class the right to improve streets without petition, and to assess the entire cost thereof on the abutting property by the foot-front rule is unconstitutional: P. R. R. Co. v. Montgomery County Passenger Ry., 167 Pa. 62; Anderson v. Lower Merion Township, 217 Pa. 369.

*Samuel A. Schreiner,* for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

The Township of Mt. Lebanon, a township of the first class, in pursuance of an ordinance duly adopted, graded, curbed and paved Baywood Avenue which ran north and south in that township, from its intersection with the south line of Cedar Boulevard on the north to its intersection with the south line of Atlanta Avenue on the south.   The ordinance provided for the assessment and collection of the cost and expense from the owners of real estate abutting thereon by an equal assessment according to the foot-front rule.   Appellant is one of the owners of property which abuts upon the improved portion of Baywood Avenue.   A municipal lien was filed against him for the amount assessed against his property under the ordinance.   A motion was filed to strike off the lien.   At the time of the argument thereon, the court below permitted the township to amend its lien by adding thereto the following averment: "That the amount of the assessment against the property herein described, which was for grading, paving, and curbing the cartway of said street for a width of twenty-four (24) feet, was determined by dividing the total cost of said improvement, to wit: $4,383.96 by the total frontage of real estate fronting or abutting thereon, to wit: 596 47/100 feet and multiplying the result so obtained by the frontage of said property on Baywood Avenue as herein

described, to wit: 138 96/100 feet; the said pavement being of brick with concrete curbs." At that time the period for filing the lien had expired. The rule to strike the lien from the record was discharged.

Three questions were raised in the court below: 1, the right to amend the lien by adding thereto material and necessary averments after the time for filing the lien had elapsed; 2, the authority to assess against appellant any part of the cost of improving that portion of Baywood Avenue which extends across the end of Atlanta Avenue on the south; 3, the constitutionality of Sections 585 and 587 of the Act of July 14, 1917, P. L. 840, as amended by the Act of May 25, 1921, P. L. 1123. The same questions are presented here for review.

(1) The amendment of the lien was proper. The petition to amend set forth under oath that by mistake there was omitted from the lien a statement of the method by which the amount of the assessment against defendant's property was determined and a statement of the character of materials of which the pavement and curbs were constructed. The right to amend such a lien is conferred by Section 35 of the Act of June 4, 1901, P. L. 364, which provides: "Any claim, petition, answer, replication, scire facias, affidavit of defense or other paper filed of record, may be amended from time to time ......by leave of court upon petition for that purpose ......setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted......Such amendments shall be of right, saving intervening rights....." The amendment was within the provisions of the act: Newcastle v. Berger's Heirs, 74 Pa. Superior Ct. 548; Dunmore Borough v. Conrad, 76 Pa. Superior Ct. 473.

(2) The second reason urged for striking off the lien is that the township had no authority to assess against appellant any part of the cost of improving that portion of Baywood Avenue which extends across the end of Atlanta Avenue on the south; that as to such portion of

the improvement he is not an abutting owner.   This would be a good defense pro tanto: Thomas v. Northern Liberties, 13 Pa. 117.   But it is no reason for striking off the lien.   Any deficiency as to the form of the lien or the insufficiency of the averments therein contained may be taken advantage of by motion to strike off: City of York v. Miller, 254 Pa. 436, 439.   But the point raised by the appellant is not as to the regularity of the lien.   The lien as amended contained every essential element required by the act.   A motion to strike off on that ground was properly denied.   There was no defect apparent on the record.   The power to pave streets includes also the intersections: Altoona City v. Laughlin, 73 Pa. Superior Ct. 482.   The question whether appellant has been assessed for the proper proportion of the entire expense, based upon the relation which his foot frontage bears to the entire foot frontage properly liable under the act, can be raised in the affidavit of defense to a scire facias upon the lien: Thomas v. Northern Liberties, supra.

(3)  Sections 585, 586 and 587 of the Act of July 14, 1917, P. L. 840, as amended by the Act of May 25, 1921, P. L. 1123, provide, inter alia, that townships of the first class may, without petition of the property owners, grade, pave, curb, macadamize and otherwise improve public streets, highways and thoroughfares or parts thereof laid out and opened in the township or which have been adopted by the board of township commissioners as township streets; that the board of commissioners may collect the cost and expense of such improvement from the owners of real estate bounding or abutting thereon by an equal assessment on the foot front; and that these assessments shall be made and collected by the filing of a municipal claim against the owner. The authority of the legislature to classify townships was sustained in Com. v. Blackley, 198 Pa. 372.   This legislation conferred upon townships of the first class the power and authority of other municipalities in regard to the construction of streets and highways, includ-

ing the power to tax for such purpose. "The question whether the cost of a local improvement shall be defrayed wholly by the funds of the general treasury raised by general taxation, or......partly by the property owners benefited by the improvement, or wholly by the latter, where the special benefit exceeds such cost, is a matter, in the absence of constitutional restriction, to be determined in the first instance by the State legislature or by the legislative branch of the municipality under the sanction of the legislature": 25 Eng. & Am. Law, 1197, 1198. Claims for paving and other municipal improvements are species of taxation and the property owner has only such rights of contest and defense as the legislature chooses to allow him: Scranton v. Jermyn, 156 Pa. 107. The right to adopt the "foot front rule" in assessing the cost of street paving in Pennsylvania must be regarded as settled: Harrisburg v. McPherran, 200 Pa. 343. The legislature has the same power to confer authority to improve streets and roads upon the officers of a first-class township as it has to confer it upon the officers of a city or borough. "The general assembly may legislate upon any municipal function relating to the class of townships and it will not offend the constitutional prohibition against special or local legislation": Anderson v. Lower Merion Township, 217 Pa. 369, 381. Appellant contends that the legislation which authorizes a township of the first class to assess the cost of street improvements against the owners of real estate abutting thereon is unconstitutional, because property in a township is essentially rural and that such property must be assessed according to the benefits derived from the improvement. This argument is based upon a false premise. It is a matter of common knowledge that portions of first-class townships are closely built up and densely populated, and that such sections are devoted almost exclusively to residential purposes. The legislature recognized this fact by stating in the preamble to the Act of 1899, P. L. 104, which provided for the classification of townships of

the Commonwealth with respect to their population, as follows: "Whereas, in those more populous townships in the Commonwealth, which are in large measure devoted to residential purposes, there is need of a form of municipal government having greater powers than are now possessed by the local governments of townships under existing laws." We see no merit in the ground of attack urged against the constitutionality of the legislation here involved. We agree with the learned judge of the court below that the question as to whether the property against which this lien is filed is urban or rural is one of fact and cannot be determined in this proceeding. See McKeesport v. Soles, 165 Pa. 628, and 178 Pa. 363; Philadelphia v. Neely & Neely, 81 Pa. Superior Ct. 248; Philadelphia v. Ginhart, 48 Pa. Superior Ct. 648.

The assignments of error are overruled and the judgment is affirmed.