Borough of Avonmore *v.* Taylor, Appellants.

*Municipalities—Paving ordinance—Assessment of abutting property owners—Notice to property owners—Front foot rule.*

Where a borough was authorized by ordinance to improve certain streets by paving a strip 18 feet wide in the center thereof and to assess 2/3 of the cost on the property holders, according to the front foot rule, it cannot, during the progress of the work, without supplemental ordinance, widen the paving at the street intersections, and assess 2/3 of the additional cost against the property holders.

The abutting property owners, not having been put upon notice that any part of this additional improvement would be placed upon them, cannot be compelled to bear their proportionate share of this increased expense.

Where an ordinance authorized a borough to make special specific improvement, it is not general in its nature, and if further improvements are undertaken the ordinance must be amended or supplemented.

Where a property owner has certain rights conceded to him, either by statute or municipal ordinance, the courts will allow him to assert them against the municipality itself, as well as against the contractor, to whose use the municipality sues.

Argued April 24, 1925. Appeal, No. 219, April T., 1925, by defendants, from judgment of C. P. Westmoreland County, November T., 1924, No. 913, in the case of Borough of Avonmore v. D. C. Taylor and

S. L. Taylor.   Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ.   Modified.

Scire facias sur municipal lien.   Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.   The court made absolute the rule and entered judgment in the sum of $340.80 in favor of plaintiff.   Defendants appealed.

*Error assigned* was the judgment of the court.

*Robert W. Smith,* of *Smith, Best and Horn,* for appellants.—The property owner has certain rights to assert himself against the city: Reilly v. Philadelphia, 60 Pa. 467; Pepper v. Philadelphia, 114 Pa. 96; Western Pa. Ry. Co. v. Allegheny, 92 Pa. 100; Fell v. Philadelphia, 81 Pa. 58; Philadelphia v. Bilyeu, 36 Pa. Superior Ct. 562; Philadelphia v. Jewell, 135 Pa. 329.

*Richard D. Laird,* for appellee.—The additional paving was within the power of the municipal authorities: Marshall v. Mayor of Allegheny, 59 Pa. 455; Scranton Sewer Case, 213 Pa. 4; Deer v. Sheraden Borough, 220 Pa. 307; Perrysville Avenue—Marshall's Appeal, 210 Pa. 538; Hershberger v. The City of Pittsburgh, 115 Pa. 78.

Defendants ratified the borough's work: Hamilton Avenue, 48 Pa. Superior Ct. 156; Tarentum Borough v. Moorhead, 26 Pa. Superior Ct. 273.

OPINION BY KELLER, J., July 9, 1925:

This appeal is from a judgment entered for want of a sufficient affidavit of defense on a scire facias sur municipal lien.

The ordinance authorizing the improvement and form-
ing the basis of the claim in suit directed the grading
and paving with concrete of a strip eighteen feet wide
to be laid in the center of certain streets and avenues.
It was enacted without petition of property holders and
assessed two-thirds of the cost of the directed improve-
ment upon the owners of property bounding or abutting
thereon, by the foot front rule.   (Act of May 14, 1915,
P. L. 312, Chap. VI, Art. VII (c), sec. 9, pp. 350-1).

The contract made by the borough authorities was
not restricted to a paving of the eighteen foot strip pro-
vided for by the ordinance but called for the under-
grading and paving at street intersections of the entire
square, for the full width of the intersecting streets,
and the construction of certain concrete curbing and the
laying of some concrete drainage pipe, rendered neces-
sary by such additional paving outside the eighteen-foot
strip.

In calculating the amount to be collected from the
abutting property owners per foot frontage the borough
engineer included two-thirds of the cost of the extra
paving and concrete curbing and pipe, laid and con-
structed outside the terms of the ordinance as aforesaid.

To the scire facias sur municipal claim filed to collect
the amount so assessed against their property the de-
fendants filed an affidavit of defense averring in sub-
stance the facts above stated and that the additional
paving at street intersections and the laying of the curb-
ing and drainage pipe necessitated thereby were in
violation of the ordinance authorizing the improvement
and relied upon in the collection of the claim and could
not be collected from the property owners under the
terms of the ordinance.   The affidavit set forth in detail
the amount expended for such extra and unauthorized
paving, curbing and pipe and the amount illegally as-
sessed and sought to be collected from the defendants;
and admitted liability for $274.40, representing the
amount chargeable against them by the foot front rule

for two-thirds of the cost of grading and paving the eighteen foot strip in accordance with the provisions of the ordinance. The court entered judgment against the defendants for $340.80, the full amount of the claim. In our opinion this was error.

The ordinance here being considered was not a general one for the grading and paving of the streets involved, nor providing that such improvement should be made according to plans and specifications to be prepared; it was special, fixing the material to be used and limiting the improvement to an eighteen feet wide strip. The borough authorities had the right to grade and pave these streets for their entire width and include therein the street intersection squares for their full width and assess two-thirds of the cost thereof on the abutting property owners by the foot front rule: Altoona City v. Laughlin, 73 Pa. Superior Ct. 482; or even provide for an eighteen foot strip between street intersections and the full width at such squares; and any curbing or drainage pipes required by such improvement would have been included in the total cost: Marshall v. Mayor, etc., 59 Pa. 455. But they did not see fit to do so. They limited their proposed improvement to the grading and concrete paving of a strip eighteen feet wide, without exception, assessed the cost of that limited improvement upon the abutting property owners, and directed the borough engineer to estimate the assessment equally, by the foot front, of that eighteen foot strip. It must be remembered that the property owners did not petition for this improvement and its cost was not assessable upon them in proportion to the benefits received. By the foot front rule an abutting owner is arbitrarily assessed with the proportion of the cost of the whole authorized improvement which the frontage of his property bears to the entire frontage, (Phila. v. Ramsay, 72 Pa. Superior Ct. 185), irrespective of whether the property is actually benefited to that extent, or, even, at all. The distinction is referred to by

our Brother PORTER in Hamilton Avenue, 48 Pa. Superior Ct. 156, 167.

The present ordinance would not have sustained the grading and paving of the several streets for their full width and the collection of two-thirds of the entire cost thereof by assessment on the abutting property owners. The borough authorities, no doubt, could ratify such a contract, in excess of the authority of the ordinance, so as to validate the contract as between the borough and the contractor and make the borough itself liable to the contractor, but could not without amendment or supplemental ordinance impose two-thirds of the cost of the additional and unauthorized width on the property owners, who were charged by the ordinance with a limited liability; and the property owners would have a defense pro tanto to such unauthorized charge: Mt. Lebanon Twp. v. Robinson, 83 Pa. Superior Ct. 539, 543; Thomas v. Northern Liberties, 13 Pa. 117; Erie v. Moody, 171 Pa. 610. As was said in Phila. v. Jewell, 135 Pa. 329, 339, and emphasized in Phila. v. Bilyeu, 36 Pa. Superior Ct. 562, 573, "The right of the city to order the paving of its streets, to determine the kind of pavement, the manner of its doing, the terms of the contract, etc., is independent of the property owner's judgment or consent: Philadelphia v. Brooke, 81 Pa. 23; Philadelphia v. Burgin, 50 Pa. 539; Hutchinson v. Pittsburgh, 72 Pa. 320. But on the other hand, when the property owner has had certain rights conceded to him, either by statute or by municipal ordinance, the courts will allow him to assert them against the city itself, as well as against the contractor to whose use the city sues: Reilly v. Philadelphia, 60 Pa. 467; Pepper v. Philadelphia, 114 Pa. 96. Appellant's argument asks, 'Has a property owner who is no party to the contract any rights superior to those of the parties themselves?' The answer is, 'Yes, if the law gives them to him.'" See also, Western Penna. Ry. Co. v. Allegheny, 92 Pa. 100; Reilly v. Phila., supra; Fell v. Phila., 81 Pa. 58, 75;

Sharpsville v. Randall, 73 Pa. Superior Ct. 61, affirmed in 268 Pa. 585.

The same rule applies where the borough, without amending or supplementing the ordinance imposing liability on the property owners for two-thirds of the cost of a limited improvement, enlarges, increases or widens the improvement at certain places or sections, such as street intersections, instead of for the entire length contemplated by the improvement. The property owners were not put upon notice that any part of the cost of the additional paving done by the contractor would be assessed against them from the mere fact that the additional work was being done, for the borough had the power to provide for such improvement out of its own funds: Phila. v. Bilyeu, supra, p. 569; they could rely, so far as their foot front assessment was concerned, on the improvement specified in the ordinance and the necessary drainage requirements in connection therewith.

The assignment of error is sustained, and it is directed that the judgment be modified by reducing it to the amount admitted to be due, $274.40, with interest from September 1, 1924, with leave to the borough to proceed for the balance, in case it questions any of the facts or figures averred in the affidavit of defense.