## Philadelphia, to use of Barber Asphalt Paving Co., v. Shrotes.

*Philadelphia—Municipal liens—Original and secondary paving—Intersections—Assessments by Bureau of Surveys—Act of Feb. 2, 1854, and Ordinance of May 3, 1855.*

1. Under the Act of Feb. 2, 1854, § 40, P. L. 21, incorporating the City of Philadelphia, and the Ordinance of May 3, 1855, § 2, Ord. 141, the cost of paving intersections cannot be charged against the owners of property fronting on the street to be improved.

2. The determination by the Bureau of Surveys of the lines constituting intersections of streets is not an administrative act binding upon the property owners adjacent thereto, but is a question of fact subject to review by the courts.

3. The intersection of two streets embraces all the ground that is included within the boundaries of both; and this is so whether the intersection is at right angles or at an acute angle.

4. A municipal lien against property abutting on two intersecting streets, which embraces the cost of paving a part of the common ground and shows that the paving of one of the streets is an original paving and the other a secondary paving, is bad.

5. In such case, the court cannot render a proper judgment without an amendment of the assessment and lien; such an amendment may be allowed, although the time for filing the lien has expired.

Case stated. C. P. No. 5, Phila. Co., Dec. T., 1920, No. 5960.

*Ballard, Spahr, Andrews & Madeira,* for plaintiff.

*H. R. Goshorn* and *H. S. Ambler,* for defendant.

MARTIN, P. J., June 24, 1926.—The parties to this action have submitted a case stated, in which the facts are agreed upon with the same force and effect as if returned in a special verdict by a jury.

These facts are, *inter alia,* that, pursuant to ordinance of the City of Philadelphia, passed on July 16, 1919, the use-plaintiff did certain paving in the improvement of Broad Street along the property of the defendant at what is termed the second intersection of Old York Road and said Broad Street. A bill for this paving was rendered to the defendant and a lien therefor filed against his said property. The basis of said assessment rests upon the determination by the Bureau of Surveys of the City of Philadelphia that said property is not located at the intersection of Broad Street and Old York Road, and, therefore, not relieved from the obligation to pay for a proper share of the paving of Broad Street, and that this liability includes the expense of the paving to the centre of Old York Road. At this point Broad Street crosses Old York Road at an acute angle. Old York Road is a public street. In determining the paving area covered by the intersection of said two streets, the said Bureau of Surveys adopted a plan (marked Exhibit "D"), which is indicated by the draft appended to the case stated. Another plan (marked Exhibit "E"), prepared by the Bureau of Highways of Philadelphia, is also appended to the case stated, and this latter plan shows the lines of said streets at the said place of crossing. The amount of the assessment and lien as agreed upon is $780.80, on which interest is claimed from Aug. 11, 1920.

The issues involved, as agreed upon and submitted to the court for determination, are as follows:

1. Is the paving done in front of the defendant's property, at the junction of Old York Road and Broad Street, where the two are merged in one, under the Ordinance of July 16, 1919, authorizing the paving of Broad Street, to be regarded as original paving of Broad Street or the secondary paving of Old York Road?

2. If the paving in front of defendant's property as aforesaid is the repaving of Old York Road, may it be included in the area to be assessed for the first paving of Broad Street against property owners who formerly fronted on York Road and have never paid for any paving of Old York Road?

3. Is the determination by the Bureau of Surveys of the lines constituting intersections of streets an administrative action binding upon the property owners adjacent thereto or is it subject to review by the courts?

4. If the determination by the Bureau of Surveys of the area constituting street intersections is subject to review by the court, then, and in such case, is the method used by the Bureau of Surveys in the present case proper and binding upon the defendant?

5. Is, or is not, the property of the defendant, Michael Shrotes, subject to assessment for the sum of $780.80, with interest thereon from Aug. 11, 1920, on account of paving done under Ordinance of July 16, 1919, authorizing the paving of Broad Street?

It was also agreed and submitted that the court shall have the right to draw all proper inferences of fact and apply all presumptions of fact or of law arising from said state of facts, and that if the court should be of opinion that the plaintiff is entitled to recover from the defendant, then judgment shall be entered in favor of the plaintiff and against the defendant for the sum of $780.80, with interest. But if not, then judgment should be entered for the defendant.

The first four issues may well be considered together. It is admitted that the authority of the Bureau of Surveys, or Highways, with respect to assessments for original paving is given by the Ordinance of May 3, 1855, § 2, Ord. 141, which provides that "whenever the cartways of any such public street, or any portion thereof, shall have been paved by authority of Councils, the Chief Commissioner of Highways shall, within fifteen days after such paving, furnish to the surveyor of the district within which the said street is situated an account of the expense of the same. And the said surveyor shall, within ten days thereafter, assess the said expense, excluding therefrom the expense of any paving at the intersection of any public streets, against the several owners of ground fronting on said street, each to the centre thereof and in proportion to their fronts thereon." There is nothing in this act conferring any authority on the Bureau of Highways, or on the surveyors, to arbitrarily determine what may be or may not be an intersection, and the act itself expressly excludes intersections from the assessments chargeable against fronting owners for paving, so that any unwarranted exercise of authority by the Bureau of Surveys, or Highways, would be reviewable by the courts.

The Act of Feb. 2, 1854, § 40, P. L. 21, incorporating the City of Philadelphia, still seems to be the source of authority to the city to pave streets at the expense of the owners of ground fronting thereon. This was recognized as late as the comparatively recent case of Philadelphia v. Townsend, 231 Pa. 191, 194. And this act provides that "it may be prescribed by ordinance that paving of streets, except at the intersections thereof of footways and laying of water-pipes within the limits of the city, shall be done at the expense of the owners of the ground in front whereof said work shall be done, and liens may be filed by said city for the same as is now practiced and allowed by law." This was followed by section 8 of the Act of April 21, 1855, P. L. 264, limiting the charges to be made for street paving, and the first section of the Act of March 30, 1866, P. L. 354, providing that the charge for paving should be fixed from time to time by ordinance of councils. An ordinance passed by

the city on June 12, 1868, § 4, page 235, provides that, "for all streets newly paved, the cost thereof, exclusive of intersections, shall be equally divided among and chargeable to the persons owning the properties fronting thereon proportional to the lengths of their several fronts." The Ordinance of June 26, 1901, § 1, page 209, provided that "whenever a street is ordered by Councils to be paved, the owners of property in front of which said paving is done shall pay the sum of $2.60 for each square yard of paving done in front of their properties, irrespective of the character of such pavement." The Ordinance of Nov. 25, 1905, page 257, which expressly repealed the Ordinance of June 26, 1901, enacted that: "Section 2. From and after the passage of this Ordinance all contracts for the paving of streets authorized by Ordinance, and not yet executed, shall provide that the contractor shall collect the cost of said paving from the owners respectively fronting on said streets, and that the said owners shall not be charged more than the contract price." This ordinance also repealed all inconsistent ordinances.

It is evident from these acts of assembly, as well as the ordinances, that the cost of paving intersections shall not be charged against the owners of property fronting on the street to be improved. The question then is: What is included within the intersection of Broad Street and Old York Road, at or near the property of the defendant? The draft prepared by the Bureau of Surveys, marked Exhibit "D," upon which the assessment and lien are based, seems to be an arbitrary drawing of certain lines from certain street corners without respect to the lines of Broad Street and Old York Road as related to each other. We take it that the intersection of the two streets embraces all the ground that is included within the boundaries of both. And this must be so, whether the intersection is at right angles or at an acute angle. The draft prepared by the Bureau of Highways, marked Exhibit "E," and appended to this record, clearly shows that a large portion of Old York Road and Broad Street are common ground in front of defendant's property, and that the assessment and lien are made to embrace the cost of paving a part of this common ground. Although it does not clearly appear in the admitted facts, it appears inferentially that the paving authorized by said Ordinance of July 16, 1919, is not an original paving of Old York Road, but is an original paving of Broad Street. The said drafts, however, show that the defendant's property is fronting on Broad Street and not on Old York Road, although it may have an outlook over the latter street. It may be that, prior to the opening of Broad Street, a portion of defendant's lot, now embraced within the bed of Broad Street, fronted on Old York Road, but his lot as now situated, and as indicated by the facts submitted, fronts on Broad Street, and, consequently, the defendant is liable for the cost of the paving of Broad Street in front of his property, exclusive, however, of any portion of said Broad Street that may be included within the boundaries of Old York Road; for this last-mentioned portion must be deemed an intersection, and under the inference fairly deducible from the facts, the said paving of Old York Road is a secondary and not an original paving.

It is thus evident that the court cannot render a proper judgment in this case under the facts submitted without an amendment of the assessment and lien to meet the opinion here expressed; and authority to so amend as to the method of computing the assessment, although the time for filing the lien had expired, is recognized in Mt. Lebanon Township v. Robinson, 83 Pa. Superior Ct. 539.

Pursuant to the above reasoning, the court states the following conclusions as answers to the above issues:

Philadelphia, to use of Barber Asphalt Paving Co., *v.* Shrotes.

1. The paving in front of the defendant's property at the junction of Old York Road and Broad Street, under the Ordinance of July 16, 1919, is to be regarded as an original paving of Broad Street, so far as said street is not included within the boundaries of Old York Road, and as secondary paving of Old York Road, to the extent that it is included within the boundaries of Broad Street.

2. The repaving of Old York Road may not be included in the area to be assessed as first paving of Broad Street against property owners who formerly fronted on Old York Road.

3. The determination by the Bureau of Surveys of the lines constituting intersections of streets is not an administrative action binding upon the property owners adjacent thereto, but is a question of fact subject to review by the courts.

4. The method used by the Bureau of Surveys in determining the area constituting street intersections, used in the present case, was not proper, for the reason that it included a portion of the intersection, and for the further reason that it embraced a portion of Old York Road, which had been previously paved; and, consequently, the lien as filed is not binding upon the defendant.

5. The property of the defendant, Michael Shrotes, is not subject to the said assessment and lien of $780.80, under the Ordinance of July 16, 1919, authorizing the paving of Broad Street; but the said property of the defendant, Michael Shrotes, is liable for such portion of the said paving as is included within the lines of Broad Street in front of said property, but not included within the lines of Old York Road, if the assessment and lien are properly amended.

And now, to wit, June 24, 1926, permission is hereby granted to the plaintiff to file an amended assessment and lien within thirty days, in accordance with the conclusions reached in this opinion; and in default of the filing of such amendment within thirty days, judgment will be and is hereby directed to be entered for the defendant.